**EMPLOYEES PROTECTIVE ASS'N OF NORFOLK v. NATIONAL LABOR RELATIONS BOARD.**

No. 5327.

Circuit Court of Appeals, Fourth Circuit.

Jan. 29, 1945.

Earle K. Shawe, Regional Atty., National Labor Relations Board, of Baltimore, Md. (Malcolm F. Halliday, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C., on the brief), in support of motion, and Savory E. Amato, of Norfolk, Va., in opposition thereto.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is a petition by the Employees Protective Association of Norfolk, an independent organization of employees of the Norfolk Shipbuilding and Dry Dock Corporation, seeking review of orders of the National Labor Relations Board which directed that an election be held for the choice of a bargaining representative and which certified the representative chosen at such election. The Association complains because it was not permitted to intervene in the representation proceedings and because its name was not placed on the ballot in the election held. The Board has moved to dismiss the petition.

As we have pointed out in our opinion in Madden v. Brotherhood and Union of Transit Employees of Baltimore, 147 F.2d 439, it was not the intention of Congress to confer upon any court power to review representation proceedings conducted under Section 9(c) of the National Labor Relations Act, except where a final order entered under Section 10(c) is based in whole or in part upon facts certified following an investigation pursuant to Section 9(c). That this court has power to review certification proceedings under 9(c) if, but only if, the Board subsequent to the proceedings has made a final order under 10(c), is too well settled to admit of argument. E. I. duPont de Nemours & Co. v. N. L. R. B., 4 Cir. 116 F.2d 388, 401; N. L. R. B. v. Falk Corporation, 308 U. S. 453, 60 S.Ct. 307, 84 L.Ed. 396; N. L. R. B. v. International Brotherhood, 308 U. S. 413, 60 S.Ct. 306, 84 L.Ed. 354; A. F. of L. v. N. L. R. B., 308 U.S. 401, 409, 60 S.Ct. 300, 304, 84 L.Ed. 347. As said by Mr. Justice (now Chief Justice) Stone in the case last cited:

"Here it is evident that the entire structure of the Act emphasizes, for purposes of review, the distinction between an 'order' of the Board restraining an unfair labor practice and a certification in representation proceedings. The one authorized by § 10 may be reviewed by the court on petition of the Board for enforcement of the order, or of a person aggrieved, in conformity to the procedure laid down in § 10, which says nothing of certifications. The other, authorized by § 9, is nowhere spoken of as an order, and no procedure is prescribed for its review apart from an order

prohibiting an unfair labor practice. The exclusion of representation proceedings from the review secured by the provisions of § 10(f) is emphasized by the clauses of § 9(d), which provide for certification by the Board of a record of a representation proceeding only in the case when there is a petition for review of an order of the Board restraining an unfair labor practice. The statute on its face thus indicates a purpose to limit the review afforded by § 10 to orders of the Board prohibiting unfair labor practices, a purpose and a construction which its legislative history confirms."

The petition will be dismissed.

Petition dismissed.

John P. Tarbox, of Philadelphia, Pa. (William R. Glisson, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

**32 C.C.P.A. (Patents)**